## ZAYAS *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Ponce.

No. 7.—Decided June 18, 1908.

RECORD OF JUDICIAL SALE—HEIRS—MANNER OF ESTABLISHING THE SAME.—The writ issued to the district marshal for the execution of a judgment rendered in an action prosecuted against the heirs of the debtor stating their names, being inserted in the deed in question, is sufficient to establish the fact that such persons are the heirs of the debtor in whose name the registrar states the property conveyed is recorded.

ID.—PREVIOUS RECORD IN FAVOR OF THE HEIRS OF THE DEBTOR—ROYAL ORDER OF JULY 22, 1896.—In accordance with the previsions of the Royal Order of July 22, 1896, which is a part of the Mortgage Law in force in this Island, in cases of judicial sales made for the payment of mortgage credits, it is not necessary that the mortgaged properties be previously recorded in favor of the heirs of the debtor in order that the deed of the judicial sale so made may be recorded.

The facts are stated in the opinion.

*Mr. Sepúlveda* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney Domingo Sepúlveda on behalf of Luis Zavas y Pérez from a decision of the Registrar of Property of Ponce denying the admission to record of a deed of sale of three rural estates.

By public deed executed in Ponce before José F. Fernández, an attorney and notary of the same, on February 28 of the current year, Antonio Arias y Suñe, as the marshal of the district court of that city, in the proceedings relating to the execution of the judgment rendered by said district court in the action prosecuted by Rosa Rodríguez as the testamentary executor of Miguel Criado y Blas, and representing in addition her minor children Aurora, María, Miguel and Rosa Criada y Rodríguez, against Leoncia Rivera y Ortíz and the heirs of Juan Bautista Nuñoz y Negrón, composed of his widow the said Leoncia Rivera y Ortiz, and his children

Emilio, María, Constantina, Angela, Porfiria, Maximo and Clorinda Nuñez y Rivera, for the recovery of a mortgage credit amounting to $1,120 and interest at the rate of 6 per cent per annum, sold to Luis Zayas y Pérez the three rural estates mortgaged, situated, one in *barrio* Vacas, both in the municipal district of Juana Díaz (*sic*), which are described in the said deed, and which had been attached by the marshal and awarded to Luis Zayas y Pérez as the only bidder at the sale; and upon presentation of said deed in the Registry of Property of Ponce for record, the registrar denied it on the grounds set forth in the decision placed at the foot thereof which reads as follows:

"The record of the foregoing document is denied because the estates sold are not recorded in favor of the debtors and because it has not been established that the defendants are the heirs of Juan Bautista Nuñez Negrón in whose name said estates are recorded; and in lieu of such record a cautionary notice has been entered to have effect for a period of four months, at folios 186 and 192 reverse side of volume 41 of Juana Díaz, estates numbers 2071 and 2072, and at folio 40 reverse side of volume 3 of the said *ayuntamiento,* estate number 1593, record letter A., Ponce, April 1, 1908.—José Sastraño Belaval, Registrar."

Attorney Domingo Sepúlveda took an appeal in due time on behalf of the purchaser, Luis Zayas y Pérez, from said decision, seeking its reversal and the issue of an order to the registrar to record the deed, with the costs.

The order issued to the marshal of the District Court of Ponce for the execution of the judgment rendered in the action prosecuted by Rosa Rodríguez in the capacities mentioned against the heirs of Juan Bautista Nuñez y Negrón, consisting, as has been stated, of his widow Leonica Rivera y Ortiz and his children Emilio, María, Constantina, Angela, Porfiria, Maximo and Clorinda Nuñez y Rivera, having been inserted in the deed in question, it is proved that the latter are the heirs of their deceased father, Juan Bautista Nuñez y Negrón, in whose name the registrar declares that the three

estates sold are recorded; and on the other hand, a judicial sale, made in payment of a mortgage credit, being involved, the prior record in the name of the heirs of the debtor of the mortgaged estates is not necessary in order to permit the record of the judicial sale in payment, pursuant to the provisions of the Royal Order of July 22, 1896, which forms part of the mortgage legislation in force and which this Supreme Court has heretofore applied, on March 25, 1904, in the case of *Passalacqua* v. *The Registrar of Property of Caguas,* 6 P. R. Rep., p. 87.

The decision of the Registrar of Property of Ponce, appearing at the foot of the deed involved in this appeal is reversed, it being held that the same is recordable in the registry of property; and upon returning said deed an order is directed to be sent to the Registrar of Property of Ponce, together with a certified copy of this decision, for his information and that of the persons interested, and for other proper purposes.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.